## UNITED STATES v. CONTRABAND LIQUORS (THOMAS, Claimant).

### No. P–1529.

District Court, W. D. Pennsylvania.

April 17, 1930.

Louis E. Graham, U. S. Atty., of Beaver, Pa., and William J. Aiken, Asst. U. S. Atty., of Pittsburgh, Pa.

Ward Bonsall, of Pittsburgh, Pa., for claimant.

GIBSON, District Judge.

The Federal Prohibition Administrator for the Sixth district has filed a libel wherein he prays the condemnation and forfeiture of four kegs of whisky. Dr. Delano C. Thomas has appeared and has filed his claim for the liquors described in the libel, and has further based his prayer to dismiss the libel upon the insufficiency of the libel as a pleading.

The hearing developed the following facts:

On the night of September 29–30, 1929, about a half hour after midnight, three police officers of the borough of Edgewood, went to the premises at No. 416 Willow place, Edgewood, which was a dwelling house occupied solely as a residence by the claimant, Dr. Delano C. Thomas, and his family. The officers stated to the claimant that they had been informed that he had an illicit still in his premises, and that on the second day prior to that of the visit he had received a shipment of two hundred bags of corn sugar. The claimant denied the possession of the sugar and the still, whereupon the officers requested his permission to search the premises. Claimant, having practically no choice in the matter, conducted the officers through the house. Neither sugar nor still was found, but in the cellar the officers came upon a small compartment, or bin, under lock and key. Upon demand of the officers, Dr. Thomas, after some hesitation, produced the key and unlocked the bin, in which were found the four kegs of whisky which are the subjects of the instant libel. The whisky contained in the kegs was not in accordance with the whisky requirements of the United States Pharmacopœia. It had been purchased upon the premises by Dr. Thomas about two months prior to the search. The officers seized the whisky, and later took it to their borough station. It was subsequently turned over to the Prohibition Administrator. The testimony does not disclose whether the search of the police officers was pursuant to information from the Administrator. No prose-

308

cution based upon the possession of the liquor has ever been begun in either the federal or state courts. On October 10, 1929, the instant libel was filed.

When the search and seizure was made, the police officers had no warrant of any kind in their possession. The liquor seized by the officers was possessed by the claimant, prior to seizure, not for purpose of sale, but for the use of himself and family, and for service to his guests.

The claimant has assigned several reasons for the dismissal of the libel and the return of the liquor to him. First, he asserts that the libel is insufficient to bear a judgment of condemnation, in that it does not disclose jurisdiction in the court, as it fails to set forth facts which would establish a lawful seizure. He further contends that section 25, tit. 2, of the National Prohibition Act (27 USCA § 39), upon which the instant libel is based, authorizes forfeiture only of liquors seized upon service of a search warrant; and last, he asserts that the liquor in question was possessed in violation of no statute, and consequently is not subject to condemnation and forfeiture.

■ The libel in the instant case is not beyond criticism as a pleading. Among other things omitted, it fails to set forth the facts in connection with the seizure, and how the res came into the possession of the libelant. These are matters which should appear. However, our decision is not based upon insufficiency in form of the libel. ·

■ The right of forfeiture asserted by the libelant is based upon authority claimed to be conferred upon the court by section 25, tit. 2, of the National Prohibition Act (27 USCA § 39). That section quite plainly, it seems to us, has in contemplation only liquors seized upon service of search warrants. The first sentence declares it to be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating the Prohibition Act, and that no property rights shall exist in any such liquor or property. That sentence, however, does not confer upon the courts the jurisdiction to condemn and forfeit such liquor; and it must not be considered without regard to its context. By the entire section Congress sought to authorize the issuance of search warrants for the seizure of liquor and property possessed for use in violating the Prohibition Act, and to grant authority to the courts to condemn property seized under the warrants; and at the same time it sought to limit the issuance of search warrants upon private residences, by making proof of sale a prerequisite to issuance. The section does not authorize the courts to condemn all intoxicating liquors, even though unlawfully held, but intoxicating liquors "so seized" (under search warrants).

■ Counsel for the libelant takes the position that the whisky seized has been shown by analysis to be a liquor not manufactured in accordance with the whisky requirements of the United States Pharmacopœia, and that its manufacture and possession were therefore illegal, and, coming into possession of the Administrator by any means not unlawful so far as he is concerned, is subject to condemnation under the provisions of section 25, tit. 2, of the Prohibition Act (27 USCA § 39). We find ourselves quite in accord with several propositions advanced by the counsel for the Administrator, although unable to accept his main contention. For example, we think it unquestionable that the United States may avail itself of evidence unlawfully seized by state officers, who are acting independently; and, also, that the jurisdiction of the court is secured by the fact that the res was in possession of the Administrator when the libel was filed. But the acceptance of these propositions does not carry with it the conclusion that the United States may condemn all liquors unlawfully seized by state officers. Before condemnation may be decreed, the libelant must be able to point to a statute which authorizes the condemnation. If no such statute exists, the power of the court does not exist. In the instant case the libelant has based his claim entirely upon section 25, which seems to have in view other conditions than exist in the instant case, and consequently the libel is without proper technical foundation.

■ Even were we to give section 25 a wider construction than its words imply, which we feel we cannot do in view of the fact that a forfeiture is claimed under it, we feel that the libel cannot be maintained. Assuming that section 33, tit. 2, of the Prohibition Act (27 USCA § 50), places the burden of proof upon the claimant to show that the seized liquor was lawfully acquired, possessed, and used, which is at least open to question, in view of the seizure having been made in a dwelling [see Castro v. United States (C. C. A.) 23 F. (2d) 263], that burden has been borne. The testimony makes it quite plain that the liquor was not for sale, but for personal use. True, it was purchased for that personal use pursuant to no specific lawful permit, but the mere purchase of liquor for personal con-

sumption is not an offense against the Prohibition Act. See the recent case in this circuit, Norris v. United States (C. C. A.) 34 F.(2d) 839; also, Castro v. United States, supra.

"An intention to confiscate private property, even in intoxicating liquors, will not be raised by inference and construction from provisions of law which have ample field for other operation in effecting a purpose clearly indicated and declared." Street v. Lincoln Safe Deposit Co., 254 U. S. 88, 41 S. Ct. 31, 33, 65 L. Ed. 151, 10 A. L. R. 1548.

In view of our finding that the claimant acquired and possessed the seized liquor in violation of no statute, the libel will be dismissed and an order made for the return of the liquor.

### Order.

And now, to wit, April 17, 1930, after hearing and argument of counsel, upon consideration thereof, it is ordered and adjudged that the libel in the above-entitled cause be, and the same hereby is, dismissed; and it is further ordered that the four kegs of whisky in said libel described be delivered and turned over to Dr. Delano C. Thomas, claimant thereof, without further cost or expense to him.